## GARBANATI *v.* WILLIAM HINTON ET AL.

NEW TRIAL.—The court will not set aside a verdict and grant a new trial upon the ground that the verdict was not sustained by sufficient evidence unless it is manifest that the jury acted in a total disregard of the evidence, or acted against the great weight of evidence to such an extent as to show that the verdict was the result of improper motives.

ERROR to the District Court of Uinta County.

This action was brought by Henry Garbanati against William Hinton and Michael Quealey, late co-partners, before C. E. Castle, a justice of the peace in and for said county of Uinta, to recover the sum of $55, alleged to be due for legal services rendered by the plaintiff for the defendants at their special instance and request.

The action was commenced on the 21st day of March, 1878, and on the 29th day of March, 1878, the summons was returned as served on William Hinton, one of the defendants, said Michael Quealey not found in the county. On the same day the case was tried, Hinton having duly appeared and pleaded the general denial, and was after trial dismissed, judgment having been rendered against the plaintiff for costs. Garbanati then appealed to the district court, where the case was tried on the 15th of July, 1879. Trial by jury having been waived, it was submitted to the court. On the succeeding day, July 16, 1879, the findings of the court were filed, being in favor of the defendant, Hinton, and against the plaintiff. A motion to set aside the finding of the court and for a new trial was then made by the plaintiff and overruled. Judgment being rendered against the plaintiff for costs.

*H. Garbanati,* for plaintiff in error.

*W. G. Tonn,* for defendants in error.

BLAIR, J.   This suit was brought in a justice court by the plaintiff in-error, against the defendants, and judgment having been rendered in favor of the defendants, the plaintiff in error took an appeal to the district court of Uinta county.

The parties waiving the right of trial by jury, submitted all questions, both law and fact, to the court.   The court, after hearing all the evidence offered by either party, rendered a judgment for the defendants.   The plaintiff in error then sued out a writ of error, and brought the case here for review, and assigns the following errors :

*First.*—That the findings of the court are not sustained by sufficient evidence.

*Second.*—That the findings of the court are contrary to law.

*Third.*—That the court erred in finding for the defendants, instead of for the plaintiff, as by the law of the land it ought to have found.

It will be seen that the first error assigned covered the whole ground of complaint, and when that is disposed of the others need not be considered.

In the case of the *Wyoming National Bank* v. *Dayton*, reported in the first volume of Wyoming Reports, the court says, in regard to granting a new trial on the ground that the verdict of the jury was not sustained by sufficient evidence, that the court will not set aside a verdict and grant a new trial upon the ground that the verdict is not sustained by sufficient evidence, unless it is manifest that the jury acted in a total disregard of the evidence, or acted against the great weight of the evidence, to such an extent as to show that the verdict was the result of improper motives.   Again, in the case of the *Hilliard Flume and Lumber Co.* v. *Woods*, reported in the first volume of Reports, Peck, Justice, who delivered the opinion of the court in that case, in considering the same questions here presented, with a boldness and terseness which shows that he was master of the law in that regard, says, that when an

appellate court is empowered to revise upon the facts it can never reverse them simply because, from the evidence submitted to it, it would have arrived at a different conclusion, and can only reverse when the verdict, or if the trial was by the court without a jury, the findings below were so clearly against the weight of evidence that no mind of fair intelligence, faithfully exercised, can be reasonably supposed to have arrived at the result which is complained of ; or to state in a different form, but arriving at the same idea, where the evidence to such a mind so exercised tends to an opposite conclusion.

Recognizing the rule here laid down as the true rule, in regard to granting new trials for the cause assigned, we have carefully examined the evidence in this case, and are forced to the conclusion that there was no error in the judgment of the court below.

Judgment affirmed.

Peck, J., dissenting.